Barker, J.
The appellant issued its policy insuring the plaintiff’s building against loss by fire. Within the life of the policy the building so insured was injured by fire to the extent at least of twenty-five dollars. The point is made by the appellant that the judgment of the county court should be reversed and that of the justice affirmed for the reason that the company offered to repair the building in pursuance of one of the provisions of the policy, and the assured refused to allow the same to be done, and demanded the payment of the damages in money. The policy contains this clause : “ That it shall be optional with the company to repair, rebuild, or replace the property loss or damage with other of like kind and quality within a reasonable time, giving notice of their intention so to do within thirty days after the receipt of the proofs herein required.”
If the company made the election, as permitted under this provision, to repair and restore the building, and gave proper and timely notice thereof to the assured, such election on the part of the company had the legal effect of converting the contract into one to repair, and the plaintiff cannot maintain an action of this character within the rule as established in Morrell *418 v. Irving Fire Insurance Company, 33 N. Y., 429; Beals v. Home Insurance Co., 36 N. Y., 522; Heilmann v. Westchester Fire Insurance Co., 75 N. Y., 9.
After a careful examination of tbe appeal book, I am unable to find sufficient evidence to establish the alleged fact that the company made an election to rebuild instead of paying the plaintiff’s actual damages as they might, appear by competent evidence, and gave notice of such intention to him. It ismot disclosed by the record that this point was made before the justice. The evidence bearing on this question is found in the testimony of two of the witnesses and is very brief. One of the witnesses called by the' plaintiff testified that on the day the fire occurred, he met Cramer, the defendant’s local agent, and told him that the building had been injured by a fire. To this remark, the agent replied that he knew it, and he was prepared to fix the building up as good as it was before, for the company, rather than pay damages; that the company would repair and restore the injured building. ' This conversation between the witness and the agent of the company was before any proofs of loss were made out and served, and it nowhere appears that the local agent was authorized to make the election to rebuild or that the witness who assumed to represent the assured was .authorized to act for them in any capacity whatever, so that the agent’s notification to Cramer of the company’s intention to rebuild was not a competent and sufficient notice.
The same agent also had a conversation with Adelaide, o,n,e of the plaintiffs, on the subject of repairing the building, and he, .as a witness for the defendant, testified in substance, viz.: “ I
had a conversation with Mrs. Harrington; I told her I was getting along with her matters as fast as I could, and she interrupted me by saying I need not put anybody on h.er property to make repairs; she said they would choose their .own builders; she said competent, judges had told them that they were entitled to receive and they wanted the money; my father set the men to work; he was my partner at the time ; I told Mrs. Harrington a man was there repairing.” It may be conceded that this -evidence established the fact that the company had elected to repair, and that.Mrs. Harrington was at that time informed of .such intention. It does not appear, however,, when and where this conversation took place. The terms of the policy giving the company the right'to elect to rebuild the building, also re■quires that notice of such election must be given within thirty -days after the proofs of loss were received by the company. The proofs of loss were received by the company between the 2d and 17th day of March, 1882. It does not appear that the conversation which took place between Mrs. Harrington and the agent of the company was within thirty days after either of the said dates..
The defense relied upon was an affirmative one, and the burden. *419 of proof was upon tlie defendant, to establish tbe fact upon which, it was predicated.
The case was submitted upon printed briefs, and as the appellant makes no other point than the one which we have considered the judgment should be affirmed with costs.
All concur.